**SHAKOURI LAW FIRM**
Ashkan Shakouri, Esq. [SBN 242072]
Sharon Lin, Esq. [SBN 260443]
401 Wilshire Blvd., 12th Floor
Santa Monica, California 90401
Telephone: (424) 252-4711
ash@shakourilawfirm.com
sharon@shakourilawfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI RUBEL; OLGA MALYSHEVA, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>U.S. NURSING CORPORATION; FASTAFF, LLC; and DOES 1-20, inclusive<br><br>Defendants. | Case No: 1:23-cv-01664-JLT-CDB<br><br>**FIRST-AMENDED CLASS ACTION COMPLAINT:**<br><br>1. FAILURE TO PAY FOR ALL HOURS WORKED<br>2. FAILURE TO PAY MINIMUM WAGE<br>3. FAILURE TO AUTHORIZE AND/OR PERMIT MEAL BREAKS<br>4. FAILURE TO AUTHORIZE AND/OR PERMIT REST BREAKS<br>5. FAILURE TO REIMBURSE FOR BUSINESS-RELATED EXPENDITURES<br>6. FAIURE TO FURNISH ACCURATE WAGE STATEMENTS<br>7. WAITING TIME PENALTIES<br>8. UNFAIR BUSINESS PRACTICES<br><br>[AMOUNT DEMANDED EXCEEDS $25,000.00] |

Plaintiffs Heidi Rubel ("Plaintiff Rubel") and Olga Malysheva ("Plaintiff Malysheva") (collectively, "Plaintiffs"), individually, on behalf of themselves and all others similarly situated, as defined below, hereby allege the following facts and claims against Defendants U.S. Nursing Corporation; Fastaff, LLC and Does 1-20 (collectively "Defendants"), and respectfully requests a trial by jury of all issues and causes of action so triable.

## INTRODUCTION

1. This class action complaint challenges Defendants' past and ongoing unlawful practices and policies on behalf of Plaintiffs and other similarly situated former and current workers of Defendants whose rights they violated and continue to violate under California law.

2. Specifically, as to Plaintiffs and others similarly situated workers, Defendants have:

   a. Failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 and 1197, and the Applicable Wage Orders;

   b. Failed and continue to fail to authorize and/or permit meal periods in violation of Labor Code §§ 226.7, 512, and the applicable California Industrial Welfare Commission Wage Orders ("Applicable Wage Orders") s;

   c. Failed and continue to fail to authorize and/or permit rest periods in violation of Labor Code §§ 226.7, and the Applicable Wage Orders;

   d. Failed and continue to fail to reimburse for all business-related expenditures in violation of Labor Code § 2802;

   e. Failed and continue to fail to timely furnish itemized wage statements in violation of Labor Code § 226, and the Applicable Wage Orders;

   f. Willfully failed, and willfully continue to fail, to pay without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 and 202 and in violation of Labor Code § 203; and

   g. Committed and continue to commit unfair business practices in violation of Business & Professions Code § 17200, et seq.

3. The acts complained of herein occurred and will occur, at least in part, within the time-period of four (4) years preceding the filing of the original Complaint, up to and through the time of trial.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Defendants because they are entities with sufficient minimum contacts in California, and/or because they intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and justice.

5. Pursuant to Code of Civil Procedure § 395(a) venue is proper in this County since at least some of the acts and omissions that are the subject matter of this Complaint occurred herein and/or Defendants are found, maintain offices, transact business, exist and/or have an agent herein.

**PARTIES**

6. At all relevant times mentioned herein, Plaintiff Rubel was a nurse and a resident of Georgia.

7. At all relevant times mentioned herein, Plaintiff Malysheva was a nurse and a resident of Texas.

8. Upon information and belief, Defendants U.S. Nursing Corporation and Fastaff, LLC are both staffing agencies in the healthcare industry and are, and at all times mentioned herein were, Colorado corporations duly authorized to do business in California.

9. The true names or capacities, whether individual, associate or otherwise, of Does 1-20, inclusive, are unknown to Plaintiffs and, therefore, Plaintiffs sue these doe defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. Upon information and belief, each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and Plaintiffs' injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named defendants.

10. Upon information and belief, Plaintiffs allege that at all relevant times each of the defendants was the principal, agent, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for the conduct of each of them.

11. Upon information and belief, Plaintiffs allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants, and/or that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## FACTUAL ALLEGATIONS

12. Starting in or around March 2021, Defendants hired, paid, and assigned Plaintiff Rubel to work travel assignments as an hourly-paid, non-exempt Registered Nurse throughout California. Most recently, Defendants assigned Plaintiff Rubel to work an assignment at Adventist Health Bakersfield facility in Bakersfield, California from approximately June 27, 2022 to September 24, 2022. In October 2023, Plaintiff Rubel resigned from her employment with Defendants.

13. Starting in or around August 2021, Defendants hired, paid, and assigned Plaintiff Malysheva to work travel assignments as an hourly-paid, non-exempt Registered Nurse throughout California. Defendants initially assigned Plaintiff Malysheva to work an assignment at Adventist Health Bakersfield facility in Bakersfield, California from approximately August 23, 2021 to December 11, 2021. Then, Defendants assigned Plaintiff Malysheva to work another assignment at USN Crisis Sutter Health – Eden Medical Center in Castro Valley, California from approximately June 27, 2022 to July 30, 2022.

### I. Defendants' Failure to Pay for All Hours Worked

14. During the applicable recovery period, Defendants have, from time to time, required their employees, including Plaintiffs, to take and complete training/orientation courses (or modules), which are client-specific, without compensating them for such time.

15. Under California law, the time spent attending these training/orientation courses is compensable because, among other things, they are not voluntary and are directly related to employees' jobs as they are designed to make employees handle their jobs more effectively as opposed to training them for another job or a new or additional skill. By failing to compensate their employees for time spent reviewing and/or completing competency/training/orientation courses (or modules) that are facility-specific, Defendants, from time to time, failed to pay these employees their promised rates of pay, or even minimum wage.

16. Moreover, Defendants, from time to time, have failed to compensate their non-exempt employees for all their worked hours by engaging in improper rounding and auto-deduct practices with respect to meal breaks, so that when non-exempt employees worked during their supposed meal breaks, Defendants failed to pay them for such time.

### II. Defendants' Failure to Authorize and/or Permit Lawful Meal or Rest Breaks

17. During the applicable recovery period, Defendants, from time to time, have not authorized and/or permitted their non-exempt employees, including Plaintiffs, to take lawful meal or rest breaks under California law, and have also failed to pay the break premiums owed to them under California law. In particular, from time to time, Plaintiffs and other non-exempt employees received short, late, interrupted, and/or no meal or rest breaks due to, among other reasons, work overload and staffing shortages.

### III. Defendants' Failure to Reimburse Necessary Business Expenditures

18. During the applicable recovery period, Defendants, from time to time, have not reimbursed their non-exempt employees, including Plaintiffs, for the costs of using their mobile phones that were necessarily incurred as a direct consequence of their duties and which must be reimbursed under California law. In particular, Defendants' non-exempt employees were

required to use mobile phones for work purposes for, among other things, submitting their work hours to Defendants and for communicating with Defendants about their work.

## CLASS ALLEGATIONS

19. This action is brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382.

20. Plaintiffs reserve the right under California Rules of Court, Rule 1855 (b) to amend or modify the description of the class, as defined below, with greater specificity or division into subclasses or limitation to certain issues.

21. Pursuant to Code of Civil Procedure § 382, this action qualifies as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

22. For the purposes of this Complaint, "Class Period" means any time from four years prior to the filing of this Complaint until date of certification.

23. The putative class Plaintiffs will seek to certify is currently composed of and defined as follows:

> All of Defendants' non-exempt employees who were assigned to work at any facility inside California during the Class Period, with the exception of non-exempt employees of Defendants who were assigned to work at facilities in California that at the time were engaged in labor disputes (the "Class").

24. Defendants U.S. Corporation and Fastaff, LLC joint employed the Class, including Plaintiffs, because they exercised control over their working conditions, and engaged, suffered and/or permitted them to work.

25. Plaintiffs seek to hold all Defendants liable for all damages suffered by the entire Class.

26. **Numerosity**: Pursuant to Code of Civil Procedure § 382, the members of the Class are so numerous that their individual joinder is impracticable. The precise number of class members and their addresses will be known to Plaintiffs through discovery. Class members may

be notified of the pendency of this action by mail, electronic mail, the internet, or published notice.

27. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the Class. The predominant common questions of law and fact, among other things, include, whether Defendants:

    a. Failed and continue to fail to pay minimum wage for all hours worked in violation of Labor Code §§ 1194 and 1197, and the Applicable Wage Orders;

    b. Failed and continue to fail to authorize and/or permit meal periods in violation of Labor Code §§ 226.7, 512, and the Applicable Wage Orders;

    c. Failed and continue to fail to authorize and/or permit rest periods in violation of Labor Code §§ 226.7, and the Applicable Wage Orders;

    d. Failed and continue to fail to reimburse for all business-related expenditures in violation of Labor Code § 2802;

    e. Failed and continue to fail to timely furnish itemized wage statements in violation of Labor Code § 226, and the Applicable Wage Orders;

    f. Willfully failed, and willfully continue to fail, to pay without abatement or reduction, all final wages owed in accordance with Labor Code §§ 201 and 202 and in violation of Labor Code § 203; and

    g. Committed and continue to commit unfair business practices in violation of Business & Professions Code § 17200, et seq.

28. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent because they, as employees of Defendants, were exposed and subjected to the same unlawful business practices as the other members of the Class. Plaintiffs and the members of the Class they seek to represent sustained the same types of damages and losses.

29. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys have experience in employment and class action matters and may adequately represent the Class in this matter. Plaintiffs have no adverse interests to those in the Class.

30. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the Class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The relatively minor amount of individual damages in question coupled with the expenses and burdens of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

### (Against All Defendants)

31. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

32. During the applicable recovery period, Defendants were required to compensate their non-exempt employees for all hours worked and all pay promised pursuant to the Applicable Wage Orders, and Labor Code §§ 200, 223, 226, 500, 510, 1197 and 1198.

33. In violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Class for all wages earned and all worked hours.

34. As a direct result, Plaintiffs and the Class have suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such unpaid wages, incurred expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

35. Defendants' conduct described herein violates Labor Code §§ 200, 223, 226, 500, 1194, 1194.2, 1197, 1198, and the Applicable Wage Orders. Therefore, pursuant to Labor Code §§ 203, 218.5, 226, 558, 1194 and 1194.2, Plaintiffs and the Class are entitled to recover damages for the nonpayment of wages of all their worked hours, in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE

**(Against All Defendants)**

36. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

37. Pursuant to Labor Code §§ 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the Applicable Wage Orders.

38. Pursuant to the Applicable Wage Orders "hours worked" include "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

39. At all times relevant hereto, Plaintiffs and the Class suffered, were permitted, and required to perform work for which they received no pay. As a direct and proximate result of Defendants' failure to pay Plaintiffs and the Class, they have been damaged in the amount of the owed minimum wages.

40. The aforementioned acts by Defendants were undertaken with the intention of depriving Plaintiffs and the Class of their property and/or legal rights and causing injury to them.

41. Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiffs and the Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest and attorneys' fees, all in a total amount subject to proof at time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND/OR PERMIT MEAL BREAKS

### (Against All Defendants)

42. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

43. Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

44. Labor Code § 512(a) provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

45. During the applicable recovery period, Defendants have not, from time to time, authorized and/or permitted Plaintiffs and the Class to take legally-complaint first or second meal breaks when they worked long enough to be entitled to meal breaks under California.

46. During the applicable recovery period, Defendants, from time to time, have failed to pay Plaintiffs and the Class premium wages mandated by Labor Code § 226.7(b) for these unlawful meal breaks. As a result of violations of Labor Code §§ 226.7, 512, and the Applicable Wage Orders, Defendants are liable for civil penalties pursuant to Labor Code §§ 558 and 2698 et seq.

47. Plaintiffs and the Class are entitled to recover one additional hour of pay at their regular rate of compensation for each workday that a meal period was not authorized and/or

permitted. Plaintiffs and the Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND/OR PERMIT REST BREAKS

### (Against All Defendants)

48. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

49. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

50. The Applicable Wage Orders require that employers authorize and/or permit non-exempt employees to take a rest break that must, insofar as practicable, be taken in the middle of each work period. The rest break is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four-hour work period, or major fraction thereof.

51. Pursuant to Labor Code § 226.7, if an employer fails to authorize and/or permit an employee a rest break in accordance with the Applicable Wage Orders, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest break is not provided. The provisions of the Applicable Wage Orders state that the rest break is defined as a "net" ten minutes, which means that the rest break begins when the employee reaches an area away from the work area that is appropriate for rest.

52. During the applicable recovery period, Defendants have not, from time to time, authorized and/or permitted pay Plaintiffs and the Class to take legally-complaint rest breaks when they worked long enough to be entitled to rest breaks under California.

53. During the applicable recovery period, Defendants, from time to time, have failed to pay Plaintiffs and the Class any premium wages, or the correct premium wages, mandated by Labor Code § 226.7(b) for these unlawful rest breaks. As a result of violations of Labor Code §§

226.7 and the Applicable Wage Orders, Defendants are liable for civil penalties pursuant to Labor Code §§ 558 and 2698 et seq.

54. Plaintiffs and the Class are entitled to recover one additional hour of pay at their regular rate of compensation with Defendants for each work day that a rest break was not authorized and/or permitted. Plaintiffs and the Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS-RELATED EXPENDITURES

### (Against All Defendants)

55. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

56. Labor Code § 2802 (a) provides, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

57. As alleged above, during the applicable recovery period, Defendants, from time to time, have failed to reimburse Plaintiffs and the Class for their incurred business-related expenditures, including, but not limited to, expenses for the use of their mobile phones for work purposes.

58. As a direct and proximate result of Defendants' failure to reimburse Plaintiffs and the Class for their business-related expenditures, they have been injured in an amount to be proven at trial.

59. Plaintiffs and the Class are entitled to recover reimbursement of their business-related expenditures. Plaintiffs and the Class are also entitled to their costs and reasonable attorneys' fees, according to proof and to interest on all due and unpaid wages at the legal rate of interest.

## SIXTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

### (Against All Defendants)

60. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

61. This claim is brought under Labor Code § 226(a), which sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or her employees an itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by the employee, (3) net wages earned, (4) all applicable hourly rates in effect during the pay period, (5) the corresponding number of hours worked at each hourly rate, and (6) the name and address of the legal entity that is the employer.

62. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

63. Defendants, from time to time, have knowingly and intentionally failed to provide Plaintiffs and the Class with paycheck deduction statements accurately displaying the information required by Labor Code § 226(a).

64. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs and the Class are each entitled to a civil penalty of $50 for the initial pay period and $100 for each subsequent pay period in which Defendants violated the reporting requirements of Labor Code § 226, up to a maximum of $4,000. Additionally, under Labor Code § 226.3, Defendants are subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required under Labor Code § 226(a).

## SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

**(Against All Defendants)**

65. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

66. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

67. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

68. During the applicable recovery period, Plaintiff Rubel and many members of the Class have separated from Defendants as a result of being discharged or having voluntarily resigned their employment.

69. During the applicable recovery period, Plaintiff Rubel and some members of the Class have separated from Defendants as a result of being discharged or having voluntarily resigned their employment.

70. While employed by Defendants, these employees were entitled to compensation for the violations set forth in this Complaint. Defendants failed to pay all wages due to the Plaintiff Rubel and some of the members of the Class who separated from Defendants. Defendants are required to compensate these employees for all their unpaid wages earned and an additional penalty equal to the daily earnings of such employees up to an amount equal to those owed for 30 days of work. Plaintiff Rubel does not allege that all separated members of the Class are owed waiting time penalties or that they are owed the full 30-day penalty under Labor Code § 203, because it is unknown to Plaintiff Rubel at this time whether Defendants paid some of the separated members of the Class all their owed wages upon separation or paid them all their owed wages less than 30 days after their separation.

## EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**(Against All Defendants)**

71.     Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

72.     Defendants, from time to time, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this Complaint by requiring their non-exempt employees to perform the labor complained of herein without proper compensation. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over their competitors.

73.     Plaintiffs and the Class seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

74.     Plaintiffs and the Class seek, on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

75.     Upon information and belief, Plaintiffs allege that at all times herein mentioned Defendants have, from time to time, engaged in unlawful, deceptive and unfair business practices, as proscribed by Business and Professions Code § 17200 et seq., including those set forth in the Complaint herein, thereby depriving Plaintiffs and the Class, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the applicable Wage Orders as specifically described herein.

76.     Plaintiffs and the Class are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such misconduct unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury in that Defendants will continue to violate these California laws, represented

by labor statutes and the wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs and the Class have no other adequate remedy at law to ensure future compliance with the California labor laws and the Applicable Wage Orders alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. Certification of this action as a class action on behalf of each of the Class alleged in this Complaint;
2. For general damages, according to proof, on each cause of action for which such damages are available;
3. For compensatory damages, according to proof, on each cause of action for which such damages are available;
4. For consequential damages, according to proof, on each cause of action for which such damages are available;
5. For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;
6. For reimbursement of all incurred business-related expenditures;
7. For declaratory and injunctive relief as requested herein;
8. For prejudgment and post-judgment interest according to law;
9. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;
10. For costs of suit incurred in this action;
11. Disgorgement of all gains unjustly gained by Defendants; and
12. Any other remedies, whether in law or equity, that the Court deems proper.

Dated:  November 11, 2025                          Respectfully submitted,
                                                   SHAKOURI LAW FIRM


                                                   By: *Ashkan Shakouri*
                                                       Ashkan Shakouri
                                                       Sharon Lin
                                                       Attorneys for Plaintiffs


## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on issues triable to a jury.

Dated:  November 11, 2025                          Respectfully submitted,
                                                   SHAKOURI LAW FIRM


                                                   By: *Ashkan Shakouri*
                                                       Ashkan Shakouri
                                                       Sharon Lin
                                                       Attorneys for Plaintiffs